UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELVIN McCRARY, MELVIN :
McCRARY, JR. AND ERIC DIXON :
:
:
:
Plaintiffs, :
: CIVIL ACTION
v. :
: FILE NO. 1:14-CV-00758-CC
HICKORY PARK, LTD, d/b/a :
HICKORY PARK APARTMENTS, :
BSR TRUST, AND JOHN DOE 1-5, :
:
Defendants. :

## PLAINTIFFS' INITIAL DISCLOSURES

**1. State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Response:

  This matter is a personal injury tort action arising from injuries suffered by Plaintiffs Melvin McCrary, Jr. and Eric Dixon on June 2, 2013 while they were visiting a friend that resided at Hickory Park Apartments, owned and/or managed by Defendants Hickory Park, LTD and BSR Trust Management, LLC. Specifically, Mr. McCrary and Mr. Dixon were talking outside of apartment building 14 when they were shoot with a firearm by a person on the property, without justification. As a result, Plaintiffs suffered serious and life threatening injuries and were rushed to the hospital by ambulance.

Plaintiffs contend that Defendant Hickory Park, LTD and BSR Trust Management, LLC owed a duty to the Plaintiffs to keep the premises maintained in safe manner pursuant to O.C.G.A. § 51-3-1 and 44-7-13. Plaintiffs also contend that the Defendants were on prior notice of similar situated crimes and therefore breached their duty to provide adequate safety and security measure in this case at hand. As a result of Defendants' breach of duty, Plaintiffs suffered significant damages including but not limited to physical and emotional injuries, medical bills, and lost future income.

The legal issues involved in this action are negligence, premise liability, proximate cause, damages, negligent security, negligent inspection and maintenance of premises, negligent failure to warn, and other violations of Georgia law.

2. **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Response:

Plaintiffs contend that all statutes, codes, regulations, and legal principles that pertain to claims of negligence, negligent security, premise liability, failure to warn, causation, and damages under Georgia law, including but not limited O.C.G.A. § 51-3-1 and O.C.G.A. § 44-7-13.

3. **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Response:

Please see Attachment A.

4. **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate**

2

**written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Response:

Plaintiffs have not yet determined whether they are going to call any experts for use at trial. Should they do so, Plaintiffs will supplement their response to this disclosure as necessary, in accordance with applicable rules of procedure. However, Plaintiffs may ask treating physicians to offer their medical opinions regarding the presentations, injuries, treatments and prognosis of the Plaintiffs.

5. **Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Response:

Please see Attachment C.

6. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documentation or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Response:

Plaintiffs have not yet made an exact calculation or computation of damages incurred in this lawsuit, as most elements of damages claimed (e.g., compensatory and punitive, equitable relief, and attorneys' fees) are within the sound discretion of the jury or the Court and cannot be yet determined. In addition, some medical

3

expenses might not have been incurred as yet. As discovery progresses, and to the extent practicable, Plaintiffs will supplement their response to this disclosure as necessary, in accordance with applicable rules of procedure.

7.  **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Response:

Plaintiffs are not in possession of any documents responsive to this request.

8.  **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.**

Response:

Plaintiffs currently are neither aware of any entity that has a subrogation interest in this case nor have been put on notice of any medical lien. As discovery progresses, Plaintiffs will supplement their response to this disclosure in accordance with applicable rules of procedure.

Submitted this 14th day of April, 2014.

                          THE COCHRAN FIRM - ATLANTA

                          /s/ Shean D. Williams
                          Jane Lamberti Sams, Esq.
                          Georgia Bar No. 432025
                          Shean D. Williams, Esq.
                          Georgia Bar No. 764139
                          Gary B. Andrews, Esq.
                          Georgia Bar No. 019299
                          ***Attorneys for the Plaintiffs***

The Candler Building, Suite 1400
127 Peachtree Street, NE
Atlanta, Georgia 30303
Tel: (404)222-9922
Fax: (404)222-0170
jsams@cochranfirm.com
swilliams@cochranfirm.com
gandrews@cochranfirm.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELVIN McCRARY, MELVIN McCRARY, JR. AND ERIC DIXON<br><br>Plaintiffs,<br><br>v.<br><br>HICKORY PARK, LTD, d/b/a HICKORY PARK APARTMENTS, BSR TRUST, AND JOHN DOE 1-5,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO. 1:14-CV-00758-CC |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day E-FILED the within and foregoing **Plaintiffs' Initial Disclosures** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Glenn S. Bass, Esq.
Attorney Bar No. 041220
SCRUDDER, BASS, QUILLIAN, HORLOCK TAYLOR & LAZARUS LLP
900 Circle 75 Parkway, Suite 850
Atlanta, Georgia 30339
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
Email: gbass@scrudderbass.com

6

Submitted this 14th day of April, 2014.

                                          THE COCHRAN FIRM - ATLANTA

                                          /s/ Shean D. Williams
                                          Jane Lamberti Sams, Esq.
                                          Georgia Bar No. 432025
                                          Shean D. Williams, Esq.
                                          Georgia Bar No. 764139
                                          Gary B. Andrews, Esq.
                                          Georgia Bar No. 019299
                                          ***Attorneys for the Plaintiffs***

The Candler Building, Suite 1400
127 Peachtree Street, NE
Atlanta, Georgia 30303
Tel: (404)222-9922
Fax: (404)222-0170
jsams@cochranfirm.com
swilliams@cochranfirm.com
gandrews@cochranfirm.com

# ATTACHMENT "A"

1. Melvin McCrary
   4885 Brooks Drive
   Red Oak, GA 30272
   *Can be contacted through Plaintiff's counsel, Shean Williams, Esq.

2. Eric Dixon
   4035 Church Street
   College Park, GA 30349
   *Can be contacted through Plaintiff's counsel, Shean Williams, Esq.

3. Officer Michael Guin
   Fulton County Police Department

4. Officer Dexter White
   Fulton County Police Department

5. Detective Ware
   Fulton County Police Department

6. Lt. Johnson
   Fulton County Police Department

7. Staff and/or Employees that work at Hickory Park Apartments
   4900 Delano Rd.
   College Park, GA 30349

8. Former Staff and/or employees that worked at Hickory Park Apartments from 2006 to 2013
   Address and telephone numbers unknown

9. Residents and/or persons that have been a victim of crime on the property from 2006 to 2013
   Address and telephone numbers unknown

10. All medical providers that provided medical treatment to Plaintiffs for injuries suffered as a result of this incident.

8

11.   Tammy Jones
      2875 Godby Road
      Atlanta, GA 30349

## **ATTACHMENT "B"**

1.     No expert witness had been retained or identified by Plaintiffs at this time.

# ATTACHMENT "C"

1. Incident/Investigation of Fulton County Police Department for the incident in question.

2. All documents, audiotapes, videotapes, photographs, and statements obtained and/or contained in the investigation file of the Fulton County Police Department for the incident in question.

3. All policies and procedures used and/or in effect at Hickory Park Apartments from January 1, 2006 to June 2, 2013.

4. All documents referring to or relating to any prior crimes that occurred or may have occurred at Hickory Park Apartments from January 1, 2006 to June 2, 2013.

5. All documents in possession of Defendants and/or provided to the staff at Hickory Park Apartments that refer or relate to prior crimes that occurred or may have occurred at Hickory Park Apartments from January 1, 2006 to June 2, 2013.

6. All documents referring to or relating to all safety and security measures in effect at Hickory Park Apartments from January 1, 2006 to June 2, 2013.

7. All documents in possession of Defendants and/or provided to the staff at Hickory Park Apartments that gave them notice or should have given them notice of prior crimes that occurred or may have occurred at Hickory Park Apartments from January 1, 2006 to June 2, 2013, including maintenance requests, complaints from residents or 3rd parties, incident reports, etc.

8. All documents that refer to or relate to the ownership and/or management of Hickory Park Apartments from January 1, 2006 to June 2, 2013.

9. All documents in the possession of Defendants that relate to or refer to the Plaintiffs, including any documents obtained from medical providers or non-parties.

10. All documents in the possession of Defendants that relates to or refers to the incident in question, including incident reports or investigative documents generated in the normal course of business by Defendants or staff at Hickory Park Apartments.

11. All documents in the possession of Defendants that relates to or refers to the incident in question, including incident reports or investigative documents generated by any third parties.

## **ATTACHMENT "D"**

1.     Plaintiffs do not have any response to this request because they have not yet made an exact calculation or computation of damages incurred in this lawsuit, as most elements of damages claimed (e.g., compensatory and punitive, equitable relief, and attorneys' fees) are within the sound discretion of the jury or the Court and cannot be yet determined. Plaintiffs will supplement their response to this request as discovery proceeds.