IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELVIN McCRARY, JR. AND ERIC DIXON, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| vs. | : CIVIL ACTION NO. <br> : 1:14-CV-0758-CC <br> : |
| HICKORY PARK, LTD, d/b/a HICKORY PARK APARTMENTS, BSR TRUST MANAGEMENT, LLC, and JOHN DOES 1-5 | : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Add Party [Doc. No. 22].

**I.   PROCEDURAL HISTORY**

On February 7, 2014, Plaintiffs Eric Dixon and Melvin McCrary filed this personal injury action against Defendants Hickory Park, LTD d/b/a/ Hickory Park Apartments ("Hickory Park"), BSR Trust Management, LLC ("BSR"), and John Does 1-5 in the Superior Court of Fulton County, Georgia.  In the complaint, Plaintiffs allege that, on June 2, 2013, they were at the Hickory Park Apartments visiting a friend when they were injured in a drive-by shooting.  On March 14, 2014, Defendant Hickory Park removed this case on the basis of diversity jurisdiction, 28 U.S.C. §1332.  Plaintiffs now seek to add Total Protection Guard Services, LLC ("Total Protection") as a defendant.

According to Plaintiffs, the Hickory Park Apartments are owned and operated by Defendants Hickory Park and BSR.  Plaintiffs contend that they learned, through discovery in this case, that Total Protection provided security services at the apartments during the time of the alleged shooting.  Plaintiffs further contend that the actions or omissions of Total Protection contributed to their injuries.  This, as

alleged by Plaintiffs, warrants the addition of Total Protection as a defendant. Plaintiffs' motion is unopposed as no defendant has filed a response or opposition.

## II.  ANALYSIS

Plaintiffs move to add Total Protection pursuant to Rules 21 and 15 of the Federal Rules of Civil Procedure. Rule 21 states, in pertinent part, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

In addition, Rule 15(a)(2) allows a party to amend its pleading with leave of court. "[L]eave to amend should be freely granted unless there is some evidence of (1) undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Slater v. State Farm Fire & Cas. Co., No. CIV.A.109CV01437-JOF, 2010 WL 457492, at *1 (N.D. Ga. Feb. 10, 2010) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Here, there is no indication that Plaintiffs bring this motion with undue delay, bad faith, or a dilatory motive. Nor is there any indication that Plaintiffs' amendment would be futile. Because Defendants do not oppose this motion, the Court has no reason to find that the amendment would cause undue prejudice to any party. Therefore, the Court grants Plaintiffs' motion to add Total Protection as a defendant.

Having granted Plaintiffs' motion, the Court now recognizes that it is presented with a jurisdictional issue. Upon review of the Proposed Amended Complaint and Notice of Removal, the Court is not satisfied that it has subject-matter jurisdiction over this case.[1] For the purposes of diversity jurisdiction, "like

---

[1]It is well-settled that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings . . . [and] a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege the citizenship of a limited partnership or limited liability company, "a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." Id. The Notice of Removal and Proposed Amended Complaint fail to allege the citizenships of the members and partners of the defendant companies.

The Notice of Removal states that "Hickory Park, LTD is an Alabama Corporation with its principal place of business in the State of Alabama." (Notice of Removal [Doc. No. 1] at ¶ 6.) The Notice of Removal further states that "BSR Trust Management, LLC is an [sic] Delaware Corporation with its principle place of business in the State of Alabama." (Id. at ¶ 7.) Although Hickory Park and BSR are described as "corporations" in the Notice of Removal, their business suffixes clearly indicate that Hickory Park is a limited partnership and BSR is a limited liability company.[2] The Notice of Removal fails to list the citizenships of the partners of Hickory Park and fails to list the citizenships of the members of BSR. The allegations as to Total Protection's citizenship suffer from the same defect. In the Proposed Amended Complaint, Plaintiff only alleges that Total Protection, a limited liability company, "conduct[s] business under the laws of the State of Georgia" and is doing business in Jonesboro, Georgia. (Am. Compl. [Doc. No. 22-1] at ¶ 5.) These allegations are wholly insufficient to establish the citizenships of the companies and fail to support a finding of diversity jurisdiction.

Because "[t]he removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction" the onus is on Hickory Park to show

---

[2] Moreover, Georgia's Secretary of State website lists Hickory Park, LTD as a limited partnership and BSR Trust Management, LLC as a limited liability company.

- 3 -

that diversity jurisdiction exists.  <u>See</u> <u>City of Vestavia Hills v. Gen. Fid. Ins. Co.</u>, 676 F.3d 1310, 1313, n.1 (11th Cir. 2012).  Therefore, Hickory Park must sufficiently set forth the jurisdictional facts as to each of the defendants.

## III.    <u>CONCLUSION</u>

The Court hereby **GRANTS** Plaintiffs' Motion to Add Party [Doc No. 22].

The Court **ORDERS** Hickory Park, within 21 days of the date of this Order, to file an amended Notice of Removal listing the citizenships of all the members of the limited liability companies and all the partners of the limited partnership.  If upon review of the jurisdictional facts, the parties agree that remand is required, the parties should indicate so by filing a joint motion to remand in lieu of Hickory Park's filing of an amended Notice of Removal.

SO ORDERED this <u>6th</u> day of <u>March</u>, 2015.

*s/   CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE